IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GERALDINE BILLINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )Civil Action No. 1:06-cv-822-TFM |
| | )      [wo] |
| MICHAEL ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her application for supplemental security income under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et seq*., Geraldine Billins ("Billins") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g) , 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I.  STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Billins, age 55 at the time of the hearing, has a high school education. Billins' past work experience includes employment as a cloth folder and hemmer. She has not engaged in substantial gainful work activity since the alleged onset date of October 13, 2003. Her application for benefits under the Act cited the following conditions as grounds for her disability: dizziness, ringing in the ears, hypertension, menopause, vertigo, and carpal tunnel syndrome. The ALJ found Billins suffered from severe hypertension, non-severe menopause, and osteoarthritic changes of the knee and hands. The ALJ concluded Billins did not have any impairment or combination of impairments that meet

or equal in severity any impairment listed in 20 C.F.R. Part 404, Appendix 1 to Subpart P, Regulations No. 4. The ALJ found Billins' allegations of pain and functional limitations were not credible, and that she retained the residual functional capacity ("RFC") to perform the exertional demands of medium work. Billins' RFC would permit her to perform her past relevant work as a cloth folder or hemmer. Accordingly, the ALJ concluded that Billins is not disabled.[1]

### III.  ISSUES

Billins specifies four issues for this judicial review:[2]

1. The ALJ erred in failing to mention, analyze, credit or discredit the opinion of a consultative examiner.

2. The ALJ erred in failing to find that she suffered from any manipulative limitations.

3. The ALJ erred by issuing a residual functional capacity ("RFC") assessment despite the lack of any medical assessments describing the extent of her limitations.

4. The Appeals Council erred in its consideration of new evidence submitted after issuance of the ALJ's decision.

### IV.  DISCUSSION[3]

**A.   The ALJ Did Not Err In His Evaluation Of Medical Opinions By A Consulting Examiner.**

Billins contends the ALJ erred in his treatment of two consultative opinions issued by Dr.

---

[1] R. 22-23. The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

[2] *See* Plaintiff's Brief ("Pl. Br.") at 1 (Doc. #19, filed March 16, 2007) *and* Order filed September 15, 2006 (Doc. #4) (directing Plaintiff to a brief in support of her claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

[3] This Opinion combines Plaintiff's Issues 1 and 2 for discussion purposes.

Richard L. Bendinger, Jr. in 2002 and 2004.[4]  First, she argues the ALJ erred by failing to analyze or discuss Dr. Bendinger's opinion of July 17, 2002, wherein he concluded Billins had "mild carpal tunnel syndrome," and should not return to a "factory type job."[5]  The Commissioner found Dr. Bendinger's 2002 findings irrelevant to the ALJ's task, because Billins' application alleged disability as of October 13, 2003, more than one year after the consulting opinion.[6]

The Court agrees with the Commissioner.  The relevant time period for Billins'application is October 13, 2003 through June 16, 2005, the date of the ALJ's decision.[7]  A medical examination of Billins prior to the alleged onset date of disability is not relevant to a disability determination. As for Billins' contention that Dr. Bendinger's 2002 opinion found her unable to return to factory work, the Court notes that the determination of an applicant's disability is reserved to the Commissioner.  *See* 20 C.F.R. § 404.1527(e)(1).

Billins' second claim of ALJ error arises from his failure to find her impaired by carpal tunnel syndrome.[8]  Billins attempts to support her position by citing Dr. Bendinger's 2002 evaluation finding mild carpal tunnel syndrome, and his February, 2004 evaluation, which found no significant change from the 2002 examination.[9]  The Commissioner responded Billins had not met her burden

---

[4]Pl. Br. at 5, 9.

[5]Pl. Br. at 5, 6.

[6]Def. Br. at 4.

[7]R. at 13, 18.

[8]Pl. Br. at 7-8.

[9]R. at 213, 203.

of establishing severe carpal tunnel syndrome.[10]  The Court agrees with the Commissioner.

The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled.  *See* 20 C.F.R. §§ 404.1512, 416.912; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  Dr. Bendinger's examination of Billinger in February, 2004, noted carpal tunnel syndrome in both wrists which did "not appear to be severe."[11]  Even if Dr. Bendinger's previous findings made in July, 2002, were relevant for this application, Billins still cannot establish severe carpal tunnel syndrome because Dr. Bendinger's medical opinion at that time was one of mild carpal tunnel syndrome.[12]  Dr. Bendinger's conclusions after both examinations indicated Billins' ability to perform most work-related tasks without significant impairment.[13]  The findings were noted by the ALJ and supported his finding that Billins did not have severe carpal tunnel syndrome.[14]  Thus, Billins has failed to establish that she has the syndrome to a "severe" degree, and likewise cannot establish disability based on that condition.  Thus, Billins failed to meet her burden of proof, and the ALJ cannot have erred by failing to find her disabled due to carpal tunnel syndrome.

The court finds the ALJ did not err in his treatment of the two opinions by Dr. Bendinger regarding Billins' diagnosis of non-severe carpal tunnel syndrome, and substantial evidence in the record supports his decision.

---

[10]Def. Br. at 5.

[11]R. at 203.

[12]R. at 213.

[13]R. at 213, 203.

[14]R. at 15.

**B.**     **The ALJ Did Nor Err In Concluding Billins Was Capable of Performing "Medium" Work.**

Billins challenges the ALJ's conclusion of her ability to perform medium work, and as support cites Dr. Bendinger's July, 2002, opinion that mild carpal tunnel syndrome would prevent her return to factory work.[15] She argues the ALJ is precluded from making a conclusion without medical evidence to support his decision, and the record is incomplete without an RFC assessment.[16] The Commissioner responds substantial evidence supports the ALJ's finding on this issue.[17] The Court finds no error in the ALJ's conclusion regarding Billins' ability to perform medium work.

Billins's challenge to the ALJ's RFC finding is unique because the record contains no medical findings that she was unable to work. The only reference in the record used to support this argument is to Dr. Bendinger's July, 2002, statement indicating she could not perform factory work.[18] Again, the July, 2002, opinion is not relevant for the ALJ's determination of Billins' disability during the relevant application period between October 13, 2003 and June 16, 2005.[19] Further, Dr. Bendinger's opinion of Billins' inability to perform factory work is a legal conclusion, as opposed to an objective medical finding to be weighed in a disability determination. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Plaintiff cites *Coleman v. Barnhart*, 264 F.Supp.2d, 1007, 1010 (S.D. Ala. 2003) to illustrate the need for a physical capacities evaluation by a medical

---

[15] Pl. Br. at 9-10.

[16] Pl. Br. at 10-11.

[17] Def. Br. at 6.

[18] R. at 213.

[19] R. at 13, 18.

professional. *Coleman* presented a plaintiff with numerous severe impairments, and is not an appropriate case to compare here, where Billins has only established severe hypertension which did not result in any marked limitation of physical activity.[20] Plaintiff also cites *Goodley v. Harris*, 608 F.2d 234, 236-37 (5th Cir. 1979), to demonstrate the Eleventh Circuit's history of reversing the Commissioner's findings of disability where "uncontradicted medical evidence indicates that the claimant is disabled."[21] There is no such evidence in this case, and *Goodley* is inapposite.

Thus, the court finds that the ALJ did not err in finding Billins able to perform work with medium exertional demands, and remand is not necessary for a physical capacities evaluation in this case.

### C. The Evidence Submitted To The Appeals Council Was Properly Rejected For Purposes Of The Application Under Review.

Billins argues the Appeals Council made a mistake of fact, and thereby erred, when it denied review of her case after receiving updated records of her care.[22] The Commissioner responds the records were given the appropriate consideration.[23] The Court finds the Appeals Council did not err in its treatment of the submitted records.[24]

---

[20]R. at 16.

[21]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

[22]Pl. Br. at 12-13.

[23]Def. Br. at 9.

[24]The Court notes the Commissioner's caution that it does not have jurisdiction under 42 U.S.C. § 405(g) to review the Appeals Council's decision. Def. Br. at 9. The Court's discussion of this issue explains the Appeals Council's reason for declining review, and does not attempt to
(continued...)

The Appeals Council received additional records from Billins' medical examination of September 28, 2005. The records were mistakenly dated September 28, 2006. The Appeals Council informed Billins that it would not consider the new information which pertained to a date after June 16, 2005 - the date of the ALJ's decision, and that it should be submitted for consideration in Billins' new application of June 30, 2005.[25] Billins argues the Appeals Council's oversight of the incorrect date is relevant, and suggests the Appeals Council may have taken different action if it realized the true date of the examination.[26]

Billins' attempt to distinguish between examination results from September, 2005 and results from September, 2006, must fail in this case. The Appeals Council is obligated to evaluate new and material evidence submitted to it if the evidence relates to the period on or before the date of the ALJ's hearing decision. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *see also* 20 C.F.R. § 404.970(b) ("The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.") The review looks to whether there is a basis for changing the ALJ's decision. *Williams v. Halter,* 135 F.Supp.2d 1225, 1231 (M.D.Fla. 2001). The records submitted by Billins pertained to a date after the ALJ's decision, and therefore could not have changed the decision issued on June 16, 2005. Therefore, regardless of the incorrect date, the Appeals Council cited the correct reason for its action - the examination results pertained to a time period after the ALJ decision.

---

[24](...continued)
"review" a decision issued by the Appeals Council.

[25]R. at 7.

[26]Pl. Br. at 13-14.

The Court concludes the Appeals Council did not err in its decision to decline review after receiving additional records concerning Billins' medical condition after the date of the ALJ decision.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.

Done this 5th  day of June, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE